UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN RAKER DICKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.,<br><br>    Defendants. | Case No. 25-cv-04580-WHO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 39 |

Defendants County of Fresno, City of Fresno, Lisa A. Smittcamp, Kenneth Hahus, and Douglas R. Stokes move to dismiss for improper venue, or in the alternative transfer for improper venue or convenience to the Eastern District of California. Because the bulk of the evidence and underlying events took place in Fresno, and there is a strong local interest in the controversy, the motion to transfer under 28 U.S.C. § 1404(a) is GRANTED.[1]

The parties are familiar with the underlying facts at issue, detailed in *Dickey v. Davis*, 69 F.4th 624, 629–35 (9th Cir. 2023). The facts involve the alleged murder in November 1988, of Marie Caton and Louis Freiri in Fresno, California. Complaint ("Compl.") [Dkt. No. 1], ¶ 2.

The City of Fresno Police Department led the investigation into the murder and the Fresno District Attorney's Office led the prosecution. *Dickey*, 69 F.4th at 629–35. On March 15, 1991, Colin R. Dickey ("plaintiff" or "Dickey") was found guilty for four felony murder special circumstances and one multiple murder special circumstance and sentenced to death. Compl. ¶ 8. Dickey has been incarcerated since 1992. *Id.* ¶ 16. In 2023, the United States Court of Appeals for the Ninth Circuit vacated the special-circumstances findings and the imposition of the death penalty against Dickey, finding that the prosecutor from the Fresno District Attorney's office

---

[1] This motion is appropriate for resolution on the papers. *See* Civ. L.R. 7-1(b). The December 17, 2025 hearing is VACATED.

knowingly allowed a witness to falsely testify and reiterated false evidence during closing arguments. *Dickey*, 69 F.4th at 629.

In May 2025, Dickey filed this action against the County of Fresno District Attorney's office, individuals from that office involved in his prosecution, and the Fresno Police Department investigators and police officers involved in his investigation. He alleges causes of action for violation of his civil rights under 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as well as related state law claims. *See generally* Compl. Defendants move to dismiss the case for improper venue and, in the alternative, move to transfer venue to the Eastern District of California. Motion to Dismiss or Transfer ("Mot.") [Dkt. No. 39]. Dickey opposes dismissal or transfer, arguing that the case should remain in this District. Opposition ("Oppo."). Dkt. No. 43.

Considering the relevant factors, I GRANT the alternative motion to transfer this case to the Eastern District of California.[2] The connection of this case to the Northern District of California is relatively slight, and there is no dispute that the Eastern District would also be a proper venue. Oppo. at 6 ("Venue is Proper in the Northern District of California Even If It Is Also Proper Elsewhere"). Focusing on the factors discussed by the parties, those factors weigh strongly in favor transfer to the Eastern District of California.

*Plaintiff's Choice of Forum*

There is ordinarily a strong presumption in favor of plaintiff's choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 265-66 (1981); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). However, "the degree to

---

[2] A court may transfer an action to another district where venue is proper: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice. 28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). In the Ninth Circuit, courts consider a variety of factors in determining whether to transfer an action. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The relevant factors include: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (Chen, J.). District courts have broad discretion to consider convenience and justice factors on a case-by-case basis. *Jones*, 211 F.3d at 498 (citation and internal quotation marks omitted).

which courts defer to the plaintiff's choice of forum is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (internal quotation marks and citation omitted).

Dickey filed suit in the Northern District of California because part of the original investigation took place in San Jose, where the individual that murdered Caton and Freiri fled, committed more crimes, and then committed suicide. Oppo. at 3-4, 7-8. In addition, the Northern District is where Dickey was incarcerated on death row at San Quentin state prison for over thirty years, and he currently resides in this District at Pelican Bay state prison. *Id*. at 4, 8-9.

That said, the bulk of the operative facts *and* the alleged wrongdoing relevant to this case – the prosecutorial misconduct that allegedly violated Dickey's civil rights – occurred in the Eastern District. Dickey's incarceration in the Northern District as a death row inmate may have caused him serious harm, but his incarceration was allegedly caused by the prosecutorial misconduct that took place in the Eastern District. The somewhat tenuous connection to the Northern District undermines the presumption in favor of Dickey's choice of venue. This factor, at most, weighs slightly in favor of keeping the action here.

*Convenience of the Parties*

Plaintiff argues that convenience weighs in favor of the Northern District because counsel for the County, the current District Attorney (Smittcamp), and one defendant (Kenneth Hahus) are in Sacramento, not Fresno, and Sacramento is only 92 miles from the San Francisco courthouse but Fresno is 172 miles away. Declaration of Nathaniel Haas (Dkt. No. 43-1, "Haas Decl.") ¶¶ 3-7. Plaintiff also notes that defendant Hahus does lives 200 miles from Fresno but only 120 miles from the San Francisco courthouse. Plaintiff also notes that the firm representing the City and defendant Stokes is located in either San Francisco or Los Angeles, while only defendant Stokes currently lives in Fresno. Declaration of Nathaniel Haas ("Haas Decl.") ¶ 8; Declaration of Maya Sorenson (Dkt. No. 39-2, "Sorenson Decl.") ¶ 4. Finally, plaintiff points out that Mr. Dickey is currently incarcerated in the Northern District at Pelican Bay prison. Oppo. at 2.

But as defendants assert, the relevant events causing the alleged injury took place in Fresno

and the majority of the relevant evidence is in Fresno. The living defendants reside in the Eastern District. That some counsel are in the Eastern District and some are in the Northern (or Central) Districts is of little moment. It is more convenient for the parties to litigate the case in the Eastern District.

*Convenience of Witnesses*

The majority of witnesses and the evidence regarding the misconduct alleged in this case were and still for many are located in the Eastern District, with most witnesses located within the City and County of Fresno. Repl. at 6; Declaration of Bhupinder K. Mann (Dkt. No. 44-1) ¶ 3, Exhibit A. Dickey notes that witnesses to his injury and resulting damages from being falsely imprisoned on death row are in the Northern District, which is a consideration but not one that tips the scale in his favor. This factor weights slightly in favor of transfer.

*Ease of Access to Evidence*

Both parties recognize that electronic document storage has transformed financial costs of litigation. Repl. at 6; Oppo. at 6. However, the events that led to Dickey's incarceration all occurred in Fresno; this allows easy access to relevant physical documents stored by the Fresno Police Department and Fresno District Attorney's Office. This factor favors transfer.

*Local Interest in the Controversy*

Most importantly, the murders, investigation, major prosecutorial decisions, and trial all occurred in Fresno. There is a strong local interest in litigating the case in the Eastern District, which even Dickey concedes. Oppo. at 12. This factor weighs heavily in favor of transferring the case.

Considering all the relevant factors,[3] defendants have made a strong showing and met the burden to warrant transfer to the Eastern District.

**CONCLUSION**

For the foregoing reasons, defendants' motion to transfer is GRANTED. This action shall be transferred to the United States District Court for the Eastern District of California for all

---

[3] The other factors are neutral.

4

further proceedings.

**IT IS SO ORDERED.**

Dated: December 9, 2025



William H. Orrick
United States District Judge